UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-2263- TURNOFF

UNITED STATES OF AMERICA

vs.

JHON ALEX ZAMBRANO CAICEDO,
WILINTON MANUEL QUIROZ ARCENTALES, and
JHONNY LIONEL MERO DELGADO,

       **Defendants.**

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
ROBERT EMERY
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5501892
99 N. E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9421
FAX (305) 530-7976

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| JHON ALEX ZAMBRANO CAICEDO, WILINTON MANUEL QUIROZ ARCENTALES, and JHONNY LIONEL MERO DELGADO, | ) ) ) ) |
| *Defendant(s)* | |

Case No. 16-2263-TURNOFF

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **February 15, 2016** in the county of **Miami-Dade** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. 70503(a)(1) and 70506(b) | On board a vessel subject to the jurisdiction of the United States, with the Southern District of Florida being the district at which the defendant(s) first entered the United States, conspiracy to possess with intent to distribute a controlled substance, that is, a mixture and substance containing five (5) kilograms or more of cocaine. |

This criminal complaint is based on these facts:
See attached affidavit.

☐ Continued on the attached sheet.

*Complainant's signature*

Special Agent Jamey Gavalier, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 03/01/2016

*Judge's signature*

City and state: Miami, Florida

William C. Turnoff, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

Your Affiant Jamey Gavalier, first being duly sworn, states as follows:

1. I am a Special Agent with the United States Drug Enforcement Administration (hereinafter DEA), and I have been so employed since February 2015. I am presently assigned the Miami Field Division, where I am responsible for conducting narcotics smuggling investigations involving the use of marine vessels. As a special agent with DEA, I have participated in numerous narcotics investigations involving: physical and electronic surveillance; the control and administration of confidential sources; international drug importations; and domestic drug organizations. I have participated in the arrest and subsequent prosecution of numerous drug traffickers. I also have spoken on numerous occasions with informants, suspects, and experienced narcotics investigators concerning the manner, means, methods and practices that drug traffickers use to further the operation of their drug trafficking organizations and the most effective methods of investigating and dismantling drug trafficking organizations.

2. As a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, I am empowered by law to conduct investigations of and make arrests for, but not limited to, offenses enumerated in Titles 18, 21, and 46 of the United States Code.

3. The information contained in this affidavit is submitted for the sole purpose of establishing probable cause to arrest JHON ALEX ZAMBRANO CAICEDO, WILINTON MANUEL QUIROZ ARCENTALES and JHONNY LIONEL MERO DELGADO for violations of Title 46, United States Code, Sections 70503(a)(1) and 70506(b), that is, having knowingly and willfully conspired to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States.

4. Because this affidavit is being submitted for the limited purpose of establishing

probable cause, it does not contain all of the information known to me and other law enforcement officers involved in this investigation. The facts and information contained in this affidavit are based on my personal knowledge and observations, as well as upon information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation as well as my review of records, documents, and other physical items obtained during the course of this investigation.

5. On or about February 15, 2016, while on routine patrol in the Eastern Pacific Ocean, United States Coast Guard ("USCG") Cutter *BERTHOLF* began pursuing a go-fast vessel (GFV), target of interest (TOI), that was traveling north at a high rate of speed approximately 280NM SW of the Guatemala (GT)/El Salvador (SV) border. *BERTHOLF* launched USCG helicopter CG6539.

6. CG6539 was vectored to within one mile of the TOI when the TOI came dead in the water (DIW), jettisoned packages and then departed at a high rate of speed. CG6539 hovered over the jettison location at 50 feet noting approximately 15 bales were located floating in the water with what appeared to be a locator attached. CG6539 marked the position using a datum marker buoy (DMB) and passed the GPS position to *BERTHOLF*. CG6539, keeping the TOI in sight while marking the packages, continued pursuit.

7. Shortly thereafter, CG6539 was positioned alongside the TOI for signaling. CG6539 turned on law enforcement lights and it made a radio call in both English and Spanish requesting the vessel to stop and identifying the aircraft as USCG. The TOI failed to stop and continued at a high rate of speed. The CG6539 was positioned forward of the vessel and it fired warning shots in the direction of the TOI. The TOI then began to turn in circles. Additional warning shots were

fired. The TOI then came DIW. CG6539 remained on scene around the vessel until the Long Range Interceptor (LRI) small boat CG23181 was able to come alongside the TOI.

8. Once the boarding team from CG23181 was alongside CG6539 then returned to the DMB and reacquired the group of packages in the water and assisted a second small cutter boat CG35104 with locating the packages. CG35104 recovered 15 bales with an approximate weight of 750 kilograms. Two narcotics identification kit tests of the recovered packages both yielded positive results for the presence of cocaine.

9. As CG231841 came alongside the go-fast vessel there were no indicia of nationality nor was a flag seen flown. The vessel had ARON painted on the port and starboard bow. At this time the vessel was boarded and an initial safety sweep completed.

10. The three occupants were identified as: JHON ALEX ZAMBRANO CAICEDO (Colombian), WILINTON MANUEL QUIROZ ARCENTALES (Ecuadorian) and JHONNY LIONEL MERO DELGADO (Ecuadorian). No one in the crew claimed to be the Master nor did anyone claim nationality for the vessel, however, one occupant claimed Esmeraldas, Ecuador as their last port of call. USCG officers were given permission to treat the vessel without nationality and complete a full law enforcement boarding.

11. The boarding team conducted ION scan swabs of the vessel ARON. The ION scan results were high hits of cocaine onboard go-fast vessel ARON. The three crewmembers were subsequently transferred to CG35104 for further processing on board *BERTHOLF*. Boarding was complete and ARON was sunk due to it being a hazard to navigation.

12. The U.S. Coast Guard transferred custody of ZAMBRANO CAICEDO, QUIROZ ARCENTALES and MERO DELGADO to United States law enforcement officers, who, on

February 29, 2016, escorted them to the Southern District of Florida, where they first entered the United States.

13. Based on the foregoing facts, your Affiant submits that probable cause exists to believe that, JHON ALEX ZAMBRANO CAICEDO, WILINTON MANUEL QUIROZ ARCENTALES and JHONNY LIONEL MERO DELGADO while on board a vessel subject to jurisdiction of the United States, did knowingly and willfully conspire to possess with intent to distribute a controlled substance, that is five kilograms or more of cocaine, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

FURTHER AFFIANT SAYETH NAUGHT.

_____
JAMEY R. GAVALIER, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to before
me this the 1st day of March, 2016.

_____
WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE

4